IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22cv0101 (CMH/JFA) |
| | ) |
| STEPHON BROOKS, | ) |
| | ) |
| Defendant. | ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment against Stephon Brooks. (Docket no. 7). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

Plaintiff filed the complaint in this action on January 31, 2022. (Docket no. 1) ("Compl."). Counts I and II seek treble damages and civil penalties pursuant to the False Claims Act ("FCA"). (Compl. ¶¶ 77–87). Count III seeks civil penalties pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). (Compl. ¶¶ 88–92). Count IV seeks recovery for common law payment by mistake of fact. (Compl. ¶¶ 93–96).

On January 31, 2022, the Clerk of Court issued a summons for service on Stephon Brooks ("Brooks" or "defendant"). (Docket no. 3). On February 3, 2022, a return of service indicated that defendant was served with the summons on February 1, 2022 when it was left at his residence at 8305 Greensboro Dr., Apt. 1804, McLean, VA 22102, with Latifa Brooks, defendant's mother and co-occupant and a person of suitable age and discretion. (Docket no. 4).

1

In accordance with Federal Rule of Civil Procedure 12(a), defendant's responsive pleading was due on February 22, 2022, twenty-one (21) days after service of process. Defendant failed to file a responsive pleading by this date. On March 1, 2022, plaintiff filed a request for entry of default as to defendant (Docket no. 5), which the Clerk of Court entered on March 3, 2022 (Docket no. 6).

On March 11, 2022, plaintiff filed a motion for default judgment (Docket no. 7), a memorandum in support, a notice of hearing for April 15, 2022, and a *Roseboro* notice. Plaintiff mailed the motion for default judgment, the memorandum in support, the notice of hearing, and the *Roseboro* notice to defendant at his McLean address. (Docket nos. 7 at 3, 8 at 19, 9 at 2, 10 at 3). On April 15, 2022, the motion was called in open court, and plaintiff's counsel appeared before the undersigned. No one appeared on behalf of defendant.

## **Factual Background**

The following facts are established by the complaint. Plaintiff is the United States, and defendant is a self-employed real state agent who resides in McLean, Virginia. (Compl. ¶¶ 5–6). This case arises out of defendant's allegedly wrongful receipt of business loans through the U.S. Small Business Administration's ("SBA") Paycheck Protection Program ("PPP"). (Compl. ¶¶ 7–25, 32–37). Through the PPP, the SBA is authorized to guarantee forgivable loans to small businesses and self-employed individuals for payroll, mortgage interest, rent, utilities, and other business expenses. (Compl. ¶¶ 9–10). The complaint alleges that defendant applied for four First Draw PPP loans and obtained those loans based on his status as a self-employed real estate agent with gross receipts of $115,858 in 2019. (Compl. ¶ 32). Plaintiff alleges that defendant knew that he was eligible for a maximum of one First Draw PPP loan based on his 2019 income and that he falsely certified that he had and would only apply for one First Draw PPP loan.

2

(Compl. ¶¶ 33–34). Plaintiff further alleges that defendant took steps to conceal his multiple First Draw PPP loan applications, which prevented their detection, and that he made false statements in connection with his applications for forgiveness for two of the loans. (Compl. ¶¶ 35, 37). As a result, plaintiff alleges that it paid fees for processing and forgiveness of defendant's loans. (Compl. ¶¶ 36–37).

On April 2, 2021, defendant applied for a First Draw PPP loan. (Compl. ¶ 38). Plaintiff submitted an SBA Form 2483 PPP Borrower Application Form for Loan No. 6905528703 ("Loan #1") to Capital Plus Financial, LLC seeking a forgivable First Draw PPP loan for $20,832. (Compl. ¶ 38). On the application, defendant listed his legal name, gross income of $115,858, and a TIN/EIN ending in 3500. (Compl. ¶ 38). Defendant also listed his email address at "stephonthemogul@gmail.com" and a business address at 8305 Greensboro Drive, Apt. 1804, McLean, VA 22102. (Compl. ¶ 38). In support of his application, defendant submitted a Schedule C Form 1040 from 2019 that listed him as the proprietor, "Echelon Realty Group" as the business name, an EIN ending in 2635, gross receipts of $115,858, and a business address at 8305 Greensboro Drive, Apt. 1804, McLean, VA 22102. (Compl. ¶ 39). Defendant certified that he had not and would not receive another First Draw PPP loan, and plaintiff claims that his application for Loan #1 would not have been approved without this certification. (Compl. ¶ 40). On April 20, 2021, defendant signed a loan agreement for $20,832 with Capital Plus Financial, LLC, and he agreed to comply with all SBA guidance under the PPP as it applied to the loan. (Compl. ¶ 41). Plaintiff paid Capital Plus Financial, LLC a processing fee of $2,500 to process defendant's loan agreement for Loan #1, and the loan was approved and disbursed on June 30, 2021. (Compl. ¶¶ 42–44). Defendant did not inform plaintiff or Capital Plus Financial,

LLC that he had or would apply for multiple First Draw PPP loans based on the same 2019 income used to obtain Loan #1. (Compl. ¶ 45).

On April 4, 2021, defendant applied for a second First Draw PPP loan. (Compl. ¶ 51). Plaintiff submitted an SBA Form 2483 PPP Borrower Application Form for Loan No. 6719908706 ("Loan #2") to Cross River Bank seeking a forgivable First Draw PPP loan for $20,833. (Compl. ¶ 51). On the application, defendant listed his legal name, gross income of $115,858, and a TIN/EIN ending in 2635. (Compl. ¶ 51). Defendant also listed his email address at "stephonthemogul@gmail.com" and a business address at 8305 Greensboro Drive, 1804, McLean, VA 22102. (Compl. ¶ 51). In support of his application, defendant submitted a Schedule C Form 1040 from 2019 that listed him as the proprietor, "Echelon Realty Group" as the business name, an EIN ending in 2635, gross receipts of $115,858, and a business address at 8305 Greensboro Drive, 1804, McLean, VA 22102. (Compl. ¶ 52). Despite having already applied for a First Draw PPP loan, defendant certified that he had not and would not receive another First Draw PPP loan, and Cross River Bank approved his application. (Compl. ¶ 53). On April 4, 2021, defendant signed a loan agreement for $20,833 for Loan #2, and it was approved and disbursed on April 5, 2021. (Compl. ¶¶ 54–55). On April 20, 2021, plaintiff paid Cross River Bank a processing fee of $2,500 to process defendant's loan agreement for Loan #2. (Compl. ¶ 56). Defendant did not inform plaintiff or Cross River Bank that he had or would apply for multiple First Draw PPP loans based on the same 2019 income used to obtain Loan #2. (Compl. ¶ 57).

On April 21, 2021, defendant applied for a third First Draw PPP loan. (Compl. ¶ 58). Plaintiff submitted an SBA Form 2483 PPP Borrower Application Form for Loan No. 3983778906 ("Loan #3") to Benworth Capital Partners, LLC seeking a forgivable First Draw

4

PPP loan for $20,833. (Compl. ¶ 58). On the application, defendant listed his legal name, gross income of $115,858, and a TIN/EIN ending in 7025. (Compl. ¶ 58). Defendant also listed his email address at "stephonbrooks1@icloud.com" and a business address at 8305 Greensboro Drive, McLean, VA 22102. (Compl. ¶ 58). In support of his application, defendant submitted a Schedule C Form 1040 from 2019 that listed him as the proprietor, "Stephon Brooks LLC" as the business name, an EIN ending in 7025, gross receipts of $115,858, and a business address at 8305 Greensboro Drive, Apt. 1804, McLean, VA 22102. (Compl. ¶ 59). Despite having already applied for two other First Draw PPP loans and having received disbursement of Loan #2, defendant certified that he had not and would not receive another First Draw PPP loan, and Benworth Capital Partners, LLC approved his application. (Compl. ¶ 60). On April 30, 2021, defendant signed a loan agreement for $20,833 for Loan #3, and it was approved and disbursed on May 6, 2021. (Compl. ¶¶ 61–62). On June 4, 2021, plaintiff paid Benworth Capital Partners, LLC a processing fee of $2,500 to process defendant's loan agreement for Loan #3. (Compl. ¶ 63). Defendant did not inform plaintiff or Benworth Capital Partners, LLC that he had or would apply for multiple First Draw PPP loans based on the same 2019 income used to obtain Loan #3. (Compl. ¶ 64).

On April 26, 2021, defendant applied for a fourth First Draw PPP loan. (Compl. ¶ 65). Plaintiff submitted an SBA Form 2483 PPP Borrower Application Form for Loan No. 147538910 ("Loan #4") to Cross River Bank seeking a forgivable First Draw PPP loan for $20,000. (Compl. ¶ 65). On the application, defendant listed his legal name, total average monthly payroll of $8,000, and a TIN/EIN ending in 9990. (Compl. ¶ 65). Defendant also listed his email address at "stephonbrooks1@icloud.com" and a business address at 8305 Greensboro Drive #1804, McLean, VA 22102. (Compl. ¶ 65). In support of his application, defendant

5

submitted a Schedule C Form 1040 from 2019 that listed him as the proprietor, "Echelon Realty Group" as the business name, an EIN ending in 2635, gross receipts of $115,858, and a business address at 8305 Greensboro Drive, Apt. 1804, McLean, VA 22102. (Compl. ¶ 6). Despite having already applied for three other First Draw PPP loans and having received disbursement of Loan #2, defendant certified that he had not and would not receive another First Draw PPP loan, and Cross River Bank approved his application. (Compl. ¶ 67). On April 26, 2021, defendant signed a loan agreement for $20,000 for Loan #4, and it was approved and disbursed on April 27, 2021. (Compl. ¶¶ 68–69). On May 11, 2021, plaintiff paid Cross River Bank a processing fee of $2,500 to process defendant's loan agreement for Loan #4. (Compl. ¶ 70). Defendant did not inform plaintiff or Cross River Bank that he had or would apply for multiple First Draw PPP loans based on the same 2019 income used to obtain Loan #4. (Compl. ¶ 71).

On June 3, 2021, defendant submitted a Form 3508 to Capital Plus Financial, LLC seeking forgiveness for Loan #1 and certifying that he had complied with all PPP requirements. (Compl. ¶ 46–47). In reliance on this certification, plaintiff forgave the principal balance of $20,832 owed for Loan #1 and reimbursed Capital Plus Financial, LLC for the outstanding loan balance. (Compl. ¶¶ 47–50).

On October 3, 2021, defendant submitted a Form 3508 to Cross River Bank seeking forgiveness for Loan #4 and certifying that he had complied with all PPP requirements. (Compl. ¶¶ 72–73). In reliance on this certification, plaintiff forgave the principal balance of $20,000 owed for Loan #4 and reimbursed Cross River Bank for the outstanding loan balance. (Compl. ¶¶ 73–76).

6

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendant's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to defendant. (Docket no. 6).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantage.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 because this matter arises under federal law (FCA, FIRREA), and it is a civil action commenced by the United States as a plaintiff. This court has supplemental jurisdiction over the payment by mistake of fact claim pursuant to 28 U.S.C. § 1367.

The complaint alleges that defendant resides in McLean, Virginia. (Compl. ¶¶ 3,6). As defendant resides in this judicial district, he is subject to the court's personal jurisdiction. Venue

is proper pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b), 1395(a) because defendant resides in this district.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

### Service

Pursuant to Federal Rule of Civil Procedure 4(e)(2), an individual within a judicial district of the United States may be served by the delivery of a copy of the summons and complaint to the individual personally, or by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who also resides there. On January 31, 2022, the Clerk of Court issued a summons for service on Stephon Brooks in McLean, Virginia 22102. (Docket no. 3). On February 3, 2022, a return of service indicated Mark Simons, a process server, served defendant on February 1, 2022 at the McLean address by leaving the summons with Latifa Brooks, defendant's mother and co-occupant and a person of suitable age and discretion. (Docket no. 4). Based on the foregoing, the undersigned recommends a finding that defendant was properly served with the summons and complaint and had notice of this action.

### Grounds for Entry of Default

On March 1, 2022, plaintiff requested an entry of default as to defendant. (Docket no. 5). On March 3, 2022, the Clerk of Court entered default as to defendant for failure to plead or otherwise defend. (Docket no. 6).

On March 11, 2022, plaintiff filed a motion for default judgment, a memorandum in support, a notice of hearing for April 15, 2022, and a *Roseboro* notice. (Docket no. 7, 8, 9, 10).

8

Accompanying the pleadings, plaintiff included certifications indicating that it mailed a copy of each document to defendant at his McLean address. (Docket nos. 7 at 3, 8 at 19, 9 at 2, 10 at 3). No responsive pleadings have been filed, and the time for doing so has expired.

Accordingly, the undersigned recommends a finding that defendant was properly served, he failed to file a responsive pleading in a timely manner, the Clerk of Court entered default as to defendant, and that defendant had notice of these proceedings.

## Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). For the reasons stated below, the undersigned recommends that the court enter a default judgment in favor of plaintiff on Counts I and II (FCA) and Count III (FIRREA).[1]

### I. FCA Claims

Counts I and II of the complaint allege that defendant knowingly, or with reckless disregard, caused to be presented six false or fraudulent claims for payment or approval and knowingly caused to be made or used six false records or statements material to a false or fraudulent claim in violation of the FCA. (Compl. ¶¶ 79–81, 85–86). Plaintiff claims that defendant falsely represented that he would comply with all SBA guidance when he signed the loan agreement for Loan #1. (Compl. ¶¶ 80, 85). Plaintiff also claims that defendant falsely represented that he had not and would not receive another First Draw loan under the PPP when he signed the loan agreements for Loans #2, #3, and #4. (Compl. ¶¶ 80, 85). Finally, plaintiff

---

[1] Because plaintiff alleges Count IV (Payment by Mistake of Fact) in the alternative to its FCA claims (Docket no. 8 at 16–18), and because the undersigned recommends a finding that defendant violated the FCA, the court need not address Count IV.

9

claims that defendant knowingly and falsely stated that he had complied with all PPP requirements when he submitted the applications for forgiveness of Loans #1 and #4. (Compl. ¶¶ 81, 86). As a result of defendant's false statements, plaintiff alleges that all four PPP applications were approved, the applications for forgiveness of Loans #1 and #4 were approved, and plaintiff disbursed $10,000 in processing fees to the SBA lenders and $40,832 to the SBA lenders that processed defendant's forgiven loans. (Compl. ¶¶ 80–81, 85–86).

Plaintiff has established defendant's violations of the FCA. An individual who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" is liable for a violation of the FCA. *See* 31 U.S.C. § 3729(a)(1)(A), (a)(1)(b). To prove that a government benefit was obtained through false statements or fraud in violation of the FCA, the United States must demonstrate that "(1) 'there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due.'" *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999)).

Taking the facts as alleged in the complaint as true, plaintiff has demonstrated that defendant made six false statements in connection with: (1) his loan agreement for Loan #1, (2) his applications for Loans #2, #3, and #4, and (3) his applications for forgiveness of Loans #1 and #4. When applying for a PPP loan, eligible recipients must certify in good faith that they do not have an application pending for a loan "for the same purpose and duplicative of amounts applied for or received under a covered loan." 15 U.S.C. § 636(a)(36)(G)(i)(III). On April 20,

10

2021, defendant signed a loan agreement with Capital Plus Financial, LLC for Loan #1, wherein he represented that he would comply with SBA guidance under the PPP as it applied to the loan. (Compl. ¶ 41). Defendant made this representation despite having applied previously for Loan #2 on April 4, 2021 based on his 2019 gross income, in violation of the PPP guidelines. (Compl. ¶¶ 41, 51). On April 4, 2021, defendant applied for Loan #2 and certified that he had not and would not receive another First Draw PPP loan. (Compl. ¶¶ 51–53). Defendant made this representation despite having applied previously for Loan #1 on April 2, 2021. (Compl. 38–40). On April 21, 2021, defendant applied for Loan #3 and certified that he had not and would not receive another First Draw PPP loan. (Compl. ¶¶ 58–60). Defendant made this representation despite having applied previously for Loans #1 and #2. (Compl. ¶¶ 38–40, 51–53). On April 26, 2021, defendant applied for Loan #4 and certified that he had not and would not receive another First Draw PPP loan. (Compl. ¶¶ 65–67). Defendant made this representation despite having previously applied for Loans #1, #2, and #3. (Compl. ¶¶ 38–40, 51–53, 58–60). On June 3, 2021, defendant applied for forgiveness of Loan #1 and certified that he had complied with all PPP rules. (Compl. ¶¶ 46–48). Defendant made this representation despite having previously applied for Loans #2, #3, and #4 based on his 2019 gross income, in violation of the PPP guidelines. (Compl. ¶¶ 51–53, 58–60, 65–67). On October 3, 2021, defendant applied for forgiveness of Loan #4 and certified that he had complied with all PPP rules. (Compl. ¶¶ 72–74). Defendant made this representation despite having previously applied for Loans #2, #3, and #4 based on his 2019 gross income, in violation of the PPP guidelines. (Compl. ¶¶ 51–53, 58–60, 65–67).

Plaintiff has established that defendant made these false statements with the requisite scienter. A party "knowingly" violates the FCA if it acts with actual knowledge of the falsity of

the information or with deliberate ignorance or reckless disregard of the falsity of the information. *See* 31 U.S.C. § 3729(b)(1)(A); *see also United States ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co.*, 612 F.3d 724, 728 (4th Cir. 2010). Although Fed. R. Civ. P. 9(b) allows a party alleging fraud or mistake to allege "[m]alice, intent, knowledge, and other conditions of a person's mind" generally, an FCA plaintiff "must set forth specific facts that support an inference of fraud." *Wilson*, 525 F.3d at 379 (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir. 2003)). As an initial matter, defendant's four First Draw PPP loan applications were submitted within days, if not weeks, of each other, suggesting that it is unlikely that defendant's false statements were "honest mistakes or incorrect claims submitted through mere negligence." *See United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 380 (4th Cir. 2015) (quoting *Owens*, 612 F.3d at 728). Plaintiff argues that the FCA's scienter standard is met here because defendant used different forms of identification to conceal his efforts to secure multiple First Draw PPP loans. (Docket no. 8 at 10). The complaint establishes that plaintiff applied for four separate First Draw PPP loans through three different SBA-approved lenders (Cross River Bank, Capital Plus Financial, LLC, and Benworth Capital Partners) using four different TIN/EIN numbers (ending in 3500, 2635, 7025, and 9990). (Compl. ¶¶ 38–71). The complaint also establishes that defendant used separate email addresses when applying for Loans #2 and #4, both of which were processed by Cross River Bank (Compl. ¶¶ 51–57, 65–71), which plaintiff argues is evidence of his intent to prevent disclosure of his prior application (Docket no. 8 at 10). Such facts are sufficient to establish that defendant acted with actual knowledge of the falsity of his representations. *See* 31 U.S.C. § 3729(b)(1)(A).

Plaintiff has also established that defendant's false representations were material. A statement is "material" under the FCA if it "has a natural tendency to influence agency action or is capable of influencing agency action." *Wilson*, 525 F.3d at 378 (quoting *United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1460 (4th Cir. 1997)). Here, the complaint establishes that defendant's applications for Loans #1, #2, #3, and #4 would not have been approved but for his false certification that he had not and would not receive another First Draw PPP loan. (Compl. ¶¶ 40, 53, 60, 67). Plaintiff further alleges that defendant's applications for forgiveness of Loans #1 and #4 would not have been approved but for his false statements that he had complied with the PPP rules. (Compl. ¶¶ 49, 73). These facts establish that defendant's false statements were material because they actually influenced agency action. *See Wilson*, 525 F.3d at 378.

Relatedly, plaintiff has proven that defendant's false statements caused the government to pay out money. The complaint establishes that plaintiff paid a total of $10,000 in loan processing fees to reimburse defendant's lenders for processing his four separate PPP loan applications. (Compl. ¶¶ 43, 56, 63, 70). Plaintiff also paid $20,832 to Capital Plus Financial, LLC and $20,000 to Cross River Bank for forgiveness of Loans #1 and #4, respectively. (Compl. ¶¶ 49–50, 75–76). In total, plaintiff has established that the government paid $50,832 because of defendant's false representations. For these reasons, the undersigned recommends a finding that defendant violated the FCA.

## II.  FIRREA Claim

Count III of the complaint alleges that defendant made false statements to the SBA in violation of FIRREA. As with its FCA claims, plaintiff alleges that defendant made false

13

statements in connection with: (1) his loan agreement for Loan #1, (2) his applications for Loans #2, #3, and #4, and (3) his applications for forgiveness of Loans #1 and #4. (Compl. ¶¶ 88–92).

Plaintiff has established defendant's violations of FIRREA. Section 951 of FIRREA allows the government to recover civil penalties against an individual who violates certain designated statutes. *See* 12 U.S.C. § 1833a. One such designated statute is 15 U.S.C. § 645(a), which criminalizes knowingly making a false statement to obtain a loan or anything of value or influence any action of the Administrator of the SBA.[2] *See* 12 U.S.C. § 1833a(c)(3). As previously discussed, defendant falsely represented that he would comply with SBA guidance under the PPP when he signed the loan agreement for Loan #1 despite having applied previously for Loan #2 based on the same 2019 income. (Compl. ¶¶ 41, 51). In his applications for Loans #2, #3, and #4, defendant falsely certified that he had not and would not receive another First Draw PPP loan. (Compl. ¶¶ 51–53, 58–60, 65–67). When defendant applied for forgiveness of Loans #1 and #4, he falsely represented that he had complied with all PPP Rules, despite having previously applied for Loans #1, #2, #3, and #4 based on the same 2019 income, in violation of the PPP guidelines. (Compl. ¶¶ 38–40, 46–48, 51–53, 58–60, 65–67, 72–74). Defendant's false statements were knowingly made for the purpose of obtaining a loan or influencing the SBA to forgive two of defendant's loans. *See* 15 U.S.C. 645(a). For these reasons, the undersigned recommends a finding that defendant violated FIRREA.

## Relief

Regarding its FCA claims, plaintiff is entitled to treble damages of $152,496 and penalties of $70,818. Once FCA liability is established, the government is entitled to an award

---

[2] Although 15 U.S.C. § 645(a) is a criminal statute, the burden of proof in an action for civil penalties under FIRREA is a preponderance of the evidence. *See* 12 U.S.C. § 1833(f).

of three times its actual damages. *See* 31 U.S.C. § 3729(a)(1). As discussed above, plaintiff has established $50,832 in actual damages ($10,000 in reimbursed loan processing fees and $40,832 in reimbursements for forgiveness of Loans #1 and #4) and is therefore entitled to $152,496 in treble damages. *See id.* The FCA further provides for an award of a civil penalty between $5,000 and $10,000, adjusted for inflation. *See id.* Adjusted for inflation, the applicable range for civil penalties assessed after December 13, 2021 is $11,803 to $23,607. *See* 28 C.F.R. § 85.5. As discussed above, plaintiff has established that defendant committed six violations of the FCA through false statements made in connection with his loan agreement for Loan #1, his applications for Loans #2, #3, and #4, and his applications for forgiveness of Loans #1 and #4. Assessing the minimum award of $11,803 per violation, plaintiff is entitled to a total of $70,818 in civil penalties. *See* 31 U.S.C. § 3729(a)(1).

Regarding its FIRREA claim, plaintiff requests a civil penalties award of $41,666, reflecting the total amount of Loans #2 and #3, neither of which are in default and neither of which have been forgiven.[3] (Docket no. 8 at 15–16). Section 951 of FIRREA allows the government to recover up to $2,073,133 per violation. *See* 12 U.S.C. § 1833a(b)(1); 28 C.F.R. 85.5 (inflation adjustments to penalties for violations occurring after November 2, 2015). Alternatively, the civil penalty may be calculated using the amount of pecuniary gain derived from the violation or any resulting pecuniary loss to a person other than the violator. *See* 12 U.S.C. § 1833a(b)(3)(A). As established in the complaint, defendant received disbursements of $20,833 each for Loans #2 and #3, which were approved in reliance on false statements in his

---

[3] In its memorandum in support of its motion for default judgment, plaintiff indicates that it has not yet been required to pay to satisfy its guaranty of Loans #1 and #4 and that these amounts were therefore excluded from the FCA damages calculation. (Docket no. 8 at 15). This appears to be a typo, as both Loans #1 and #4 were forgiven and included in the $50,832 calculation of plaintiff's actual damages under the FCA.

loan applications. (Compl. ¶¶ 53–55, 60–62). For this reason, plaintiff is entitled to a civil penalty of $41,666, equivalent to defendant's pecuniary gain derived from those FIRREA violations.

## Conclusion

For these reasons, the undersigned recommends that judgment be entered in favor of the United States against defendant on Counts I and II of the complaint in the amount of $223,314 for defendant's FCA violations, consisting of $152,496 in treble damages and $70,818 in penalties. The undersigned further recommends that judgment be entered in favor of the United States against defendant on Count III of the complaint in the amount of $41,666 for defendant's FIRREA violations. The undersigned recommends that Count IV of the complaint be dismissed without prejudice.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Stephon Brooks at 8305 Greensboro Dr., Apt. 1804, McLean, VA 22102, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 15th day of April, 2022.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia